## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER W. WEBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| (2) OKLAHOMA DEPARTMENT OF HUMAN SERVICES, | ) ) ) |
| (3) CHOCTAW NATION TRIBAL COMPLEX, | ) Case No. CIV-11-134-JHP ) ) ) |
| (4) STATE OF OKLAHOMA PROBATION AND PAROLE OFFICE, | ) ) ) ) |
| (5) DISTRICT ATTORNEY'S OFFICE OF BRYAN COUNTY, | ) ) ) ) |
| (6) JUDGE ROCKY POWERS, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Defendant Choctaw Nation Tribal Complex's Combined Motion to Dismiss and Brief in Support;[1] Plaintiff's Motion/Response and Brief in Support in Petitioning the Court to Allow Complaint/Suit to Proceed Forward and Deny Defendant's Motion to Dismiss;[2] Motion to Dismiss Defendants' Judge Rocky Powers, Office of District Attorney, Bryan County, and Oklahoma Probation and Parole Office;[3] Motion to Dismiss of Defendant Department of Human

---

[1]Docket No. 16.

[2]Docket No. 22.

[3]Docket No. 24.

Services;[4] Motion for Entry of Default by Clerk Against Department of Human Services;[5] Response to Plaintiff's Motion for Entry of Default by the Clerk;[6] Plaintiff's Motion/Response to the Defendant(s) - Rocky Powers, Office of District Attorney and Oklahoma Probation and Parole - (Bryan County) - Motion to Dismiss and Brief in Support in Petitioning the Court to Allow Complaint/Suit to Proceed Forward and Deny the Defendant's Motion to Dismiss;[7] Defendant Department of Human Services' Response to Motion for Default;[8] Plaintiff's Reply to Response;[9] Defendant Department of Human Services' Surreply to Motion for Default;[10] Plaintiff's Response to the Defendant's Department of Human Services Motion to Dismiss;[11] Defendant Department of Human Services' Reply Brief;[12] and Plaintiff's Motion/Supplemental Brief/Response to Defendant's Department of Human Services Reply Brief requesting Plaintiff's Complaint be Dismissed.[13] For the reasons set forth below, Plaintiff's Motion for Default Judgment against Defendant Department of Human Services is DENIED.[14] Further, Defendant Choctaw Nation Tribal Complex's Combined

---

[4]Docket No. 26.

[5]Docket No. 28.

[6]Docket No. 32.

[7]Docket No. 33.

[8]Docket No. 34.

[9]Docket No. 36.

[10]Docket No. 40.

[11]Docket No. 41.

[12]Docket No. 43.

[13]Docket No. 44.

[14]Docket No. 28.

Motion to Dismiss and Brief in Support;[15] Motion to Dismiss Defendants Judge Rocky Powers, Office of District Attorney, Bryan County, and Oklahoma Probation and Parole Office;[16] and Motion to Dismiss of Defendant Department of Human Services[17] are GRANTED. Plaintiff's Complaint as to all parties is DISMISSED.

## BACKGROUND

Plaintiff, acting *pro se*, brings the instant action based on the events surrounding the October 29, 2008 removal of Plaintiff's daughter from his home.[18] Plaintiff's daughter was removed pursuant to an emergency order, which was sought and issued primarily because of Plaintiff's status as a registered sex offender.[19] At a subsequent child endangerment proceeding in Bryan County District Court, Judge Rocky Powers granted the State continuing custody of Plaintiff's daughter.[20] At the hearing, multiple agencies appeared on behalf of either the State or the child.[21] Those agencies, along with Judge Powers are the Defendants in the instant suit. Plaintiff alleges Defendants conspired to deprive him of contact with his wife and daughter and seeks redress in this Court under the 42 U.S.C § 1983 for those agencies' alleged violation of his rights.[22] Plaintiff also alleges that

---

[15] Docket No. 16.

[16] Docket No. 24.

[17] Docket No. 26.

[18] Complaint at 6, Docket No.1.

[19] *Id.;* Motion to Dismiss Defendants Judge Rocky Powers; Office of District Attorney, Bryan County; and Oklahoma Probation and Parole Office at 2, Docket No. 24.

[20] Complaint at 6, Docket No.1.

[21] *Id.*

[22] *Id.* at 5, 7-8.

3

Defendants Oklahoma Department of Human Services, Bryan County District Attorney's Office, and Judge Rocky Powers endangered his daughter's life by exposing her to allegedly unnecessary medical tests.[23]

**DISCUSSION**

The *pro se* Plaintiff brings suit against all parties under 42 U.S.C. § 1983 seeking punitive damages, treble monetary damages, and declaratory or injunctive relief ordering Defendants to re-establish Plaintiff's communications with his wife and children.[24] In reviewing the pleadings, this Court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[25] Despite a liberal reading, Plaintiff's Complaint fails to state any claim for which this Court can grant relief.

A. The Choctaw Nation Tribal Complex

Plaintiff's Complaint alleges the Choctaw Nation Tribal Complex "conspir[ed] with others to unlawfully remove and continue separation/restraint of [his] liberties and rights."[26] The Choctaw Nation claims its sovereign immunity precludes this suit and moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[27] In reviewing the relevant law regarding suit against Tribal entities, the Court recognizes that "[i]t is well established that Indian tribes possess the common law immunity from suit traditionally enjoyed

---

[23]*Id.* at 6-7.

[24]*Id.* at 11-12.

[25]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

[26]Complaint at 2, Docket No. 1.

[27]Combined Motion to Dismiss and Brief in Support at 1, Docket No. 16.

4

by sovereign powers."[28] This Tribal sovereign immunity extends to subdivisions of the tribe.[29] Absent explicit congressional abrogation or an express waiver by an Indian tribe, sovereign immunity deprives the federal courts of jurisdiction to entertain lawsuits against an Indian tribe, its subdivisions, or its officials acting in their official capacities.[30] The applicability of Tribal sovereign immunity is a matter of subject matter jurisdiction which is properly challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1).[31]

The Choctaw Nation Tribal Complex is a governmental facility owned and operated by the Choctaw Nation, with no identity separate from the Tribe.[32] As part of the Tribe, the Choctaw Nation Tribal Complex is entitled to the sovereign immunity of the Choctaw Nation. Plaintiff offers no evidence that either the Tribe has expressly waived or that Congress has explicitly abrogated this immunity. Absent waiver or abrogation, this Court lacks jurisdiction to hear Plaintiff's claims against the Choctaw Nation Tribal Complex. Defendant Choctaw Nation Tribal Complex's Motion to Dismiss is GRANTED. The Choctaw Nation Tribal Complex is immune from any suit brought against it. As a result, Plaintiff's claim is DISMISSED WITH PREJUDICE for lack of subject

---

[28]*Berrey v. Asarco, Inc*., 439 F. 3d 636, 643 (10th Cir.2006); *See also Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc*., 523 U.S. 751, 754 (1998); *Puyallup Tribe, Inc. v. Department of Game,* 433 U.S. 165, 172-73(1977).

[29]*Native American Distributing v. Seneca-Cayuga Tobacco Co*., 546 F. 3d 1288, 1292 (10th Cir.2008).

[30]*Seneca-Cayuga*, 546 F. 3d at 1293; *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

[31]*See Miner Electric Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir. 2007).

[32]Combined Motion to Dismiss and Brief in Support at 2, Docket No. 16.

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[33]

B. District Attorney's Office of Bryan County

Plaintiff alleges that Julie Naifeh and Matt Stubblefield, representatives of the Bryan County District Attorney's Office conspired with the other Defendants to unlawfully "remove and continue separation/restraint of [his] liberties and rights," and that the representatives unjustly jeopardized Plaintiff's daughter's life.[34] The Bryan County District Attorney's Office claims absolute immunity from suit for its representatives under prosecutorial immunity, Eleventh Amendment immunity, and sovereign immunity.[35]

The Supreme Court has held that prosecutors performing prosecutorial functions have absolute immunity from § 1983 actions.[36] Immunity has not been extended to a prosecutor's administrative or investigative functions but extends when the prosecutor can fairly be said to be acting in his role as advocate for the State.[37]

Here, Plaintiff's claims arise from the Bryan County District Attorney's Office's representation of Oklahoma's interests in the child endangerment proceedings before Judge

---

[33]A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (*citing Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).

[34]Complaint at 3, Docket No. 1.

[35]Motion to Dismiss Defendants Judge Rocky Powers; Office of District Attorney, Bryan County; and Oklahoma Probation and Parole Office at 6, Docket No. 24.

[36]*Imbler v. Pachtman*, 424 U.S. 409, 428-29, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976). *See also Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).

[37]*Imbler*, 424 U.S. at 430 n.32.

Powers.[38] As they were advocating for the State of Oklahoma at the time of the alleged violations, the representatives are entitled to absolute immunity from Plaintiff's claims. This immunity bars Plaintiff's claims against the representatives. Defendant Bryan County District Attorney's Office's Motion to Dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6). As there is no apparent claim against the Office for which Plaintiff can receive relief, Plaintiff's claim is DISMISSED WITH PREJUDICE.[39]

C. Oklahoma Department of Human Services

As alleged against all other Defendants, Plaintiff claims Defendant Oklahoma Department of Human Services (DHS) conspired with the other Defendants to unlawfully "remove and continue separation/restraint of [his] liberties and rights," and that DHS employees unjustly jeopardized Plaintiff's daughter's life.[40] DHS contends it is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution.[41]

The Supreme Court has interpreted the Eleventh Amendment to mean "states may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity."[42] This

---

[38]Complaint at 6-7, Docket No.1; Motion to Dismiss Defendants Judge Rocky Powers; Office of District Attorney, Bryan County; and Oklahoma Probation and Parole Office at 10, Docket No. 24.

[39]*See supra* note 33.

[40]Complaint at 3, Docket No. 1.

[41]Motion to Dismiss of Defendant Department of Human Services at 5, Docket No. 26.

[42]*Muscogee (Creek) Nation v. Oklahoma Tax Com'n*, 611 F.3d 1222, 1227 (10th Cir.2010) (*quoting Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)).

prohibition extends to suits against state agencies.[43] Congressional passage of § 1983 did not abrogate this sovereign immunity.[44] Further, the Tenth Circuit has expressly found DHS entitled to Eleventh Amendment immunity from suit in actions arising under 42 U.S.C. § 1983.[45]

As a state agency, Defendant DHS is entitled to Oklahoma's Eleventh Amendment immunity from suit in federal court. Oklahoma has not waived this immunity, nor has Congress abrogated it. This immunity bars Plaintiff's claims against Defendant DHS. Defendant DHS's Motion to Dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1). Eleventh Amendment immunity precludes all suits against DHS, therefore Plaintiff's claim against DHS is DISMISSED WITH PREJUDICE.[46]

D. State of Oklahoma Probation and Parole Office

Plaintiff alleges Defendant State of Oklahoma Probation and Parole Office initiated and conspired with the other Defendants to "unlawfully remove and continue separation/restraint of [his] liberties and rights."[47] As with DHS, the State of Oklahoma Probation and Parole Office (Probation and Parole Office) is an agency of the state of Oklahoma, and is entitled to the same Eleventh Amendment immunity from suit. Oklahoma has not waived this immunity, nor has Congress abrogated it. This immunity bars Plaintiff's claims against Defendant Probation and Parole Office.

---

[43]*Id.* (*citing Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993)).

[44]*Id.* (*citing Quern v. Jordan*, 440 U.S. 332, 338-40, 99 S.Ct. 1139, 1159 L.Ed.2d 358 (1979)).

[45]*See McKinney v. State of Okla.*, 925 F.2d 363, 365 (10th Cir.1991) (holding Eleventh Amendment bars seeking monetary damages against DHS in § 1983 action).

[46]*See supra* note 33.

[47]Complaint at 3, Docket No. 1.

Defendant Probation and Parole Office's Motion to Dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1). Eleventh Amendment immunity precludes all suits against the State of Oklahoma Probation and Parole Office, therefore Plaintiff's claim against the Probation and Parole Office is DISMISSED WITH PREJUDICE.[48]

E. Judge Rocky Powers

As with the other Defendants, Plaintiff alleges that Judge Rocky Powers conspired with the other Defendants to unlawfully "remove and continue separation/restraint of [his] liberties and rights."[49] Plaintiff further alleges that Judge Powers unjustly jeopardized Plaintiff's daughter's life.[50] Judge Powers contends Plaintiff's claim against him is barred by judicial immunity, qualified immunity, sovereign immunity, and Eleventh Amendment immunity.[51]

Absolute judicial immunity from suit bars any claims against Judge Powers for actions taken in his judicial capacity, unless those actions were taken in the complete absence of all jurisdiction.[52] The actions cited in Plaintiff's complaint stem solely from Judge Powers entering orders removing Plaintiff's child from his custody.[53] Plaintiff's complaint offers no evidence that Judge Powers acted outside his judicial capacity or that he acted without jurisdiction when he entered orders removing Plaintiff's child from the home. The Court finds that such orders are ordinary judicial acts and well

---

[48] *See supra* note 33.

[49] Complaint at 3, Docket No. 1.

[50] *Id.*

[51] Motion to Dismiss Defendants Judge Rocky Powers; Office of District Attorney, Bryan County; and Oklahoma Probation and Parole Office at 1, Docket No. 24.

[52] *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).

[53] Complaint at 6-7, Docket No. 1.

within the unlimited original jurisdiction granted to Oklahoma District Courts under the Oklahoma Constitution.[54]

As Judge Powers was acting within his judicial capacity and with jurisdiction when performing the actions complained of by Plaintiff, he is entitled to immunity from suit. Because judicial immunity bars Plaintiff's claims against Judge Powers, the Court is unable to grant Plaintiff the monetary relief he seeks.

Plaintiff's Complaint also seeks declaratory and/or injunctive relief, presumably against Judge Powers and DHS, in order to re-establish Plaintiff's communications with his wife and children.[55] Eleventh Amendment immunity dictates that DHS is not a "person" and therefore is not subject to declaratory or injunctive suit under § 1983.[56] However, the judicial immunity that bars suit against Judge Powers generally is not a bar to prospective declaratory and injunctive relief from Constitutional violations under § 1983.[57] In ascertaining whether there is a Constitutional violation, the Court construes Plaintiff's Complaint liberally and addresses this prayer for relief as arising under the family protections afforded by the Ninth and Fourteenth Amendments to the United States

---

[54]Okla.Const., art. VII , § 7.

[55]Complaint at 11-12, Docket No. 1. Plaintiff's Complaint contains broad prayers for relief as to all Defendants. Plaintiff's claim for declaratory and/or injunctive relief is properly directed toward Judge Powers and DHS as the only parties who could possibly grant Plaintiff the relief he seeks.

[56]*See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).

[57]*See Switzer v. Coan*, 261 F.3d 985, 990 n.9 (10th Cir.2001) (*citing Pulliam v. Allen*, 466 U.S. 522, 541-42 104 S.Ct. 1970, 1981 80 L.Ed.2d 565 (1984)).

Constitution.[58]

Where both declaratory and injunctive relief are sought, courts have a duty to decide the appropriateness of the declaratory request regardless of whether or not injunctive relief is appropriate.[59] With this in mind, the Court looks first to Plaintiff's prayer for declaratory relief. Plaintiff's Complaint claims that, as a result of State action, he has not been in contact with his daughter or wife for more than two years.[60]

Focusing on Plaintiff's lack of communication with his daughter, the Court recognizes that Due Process generally provides protection for parental rights, which necessarily includes the right to communication with one's children.[61] Here however, Plaintiff's contact with his daughter has been limited due to the legal removal of the child from parental custody. Immediately following removal of the child, Plaintiff was provided with a meaningful hearing and was represented by counsel at said hearing.[62] Despite his protest, both the removal and continued separation comport with Due Process and serve the State's compelling interest in ensuring the child's physical and mental well-being.[63]

---

[58]*See Stanley v. Illinois*, 405 U.S. 645, 651 92 S.Ct. 1208, 1212-13, 31 L.Ed.2d 551 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment") (internal citations omitted).

[59]*Steffel v. Thompson*, 415 U.S. 452, 463, 468, 94 S.Ct. 1209, 1217, 1220, 39 L.Ed.2d 505 (1974).

[60]*See* Complaint at 8, Docket No. 1.

[61]*See PJ* ex rel. *Jensen v. Wagner*, 603 F.3d 1182, 1197 (10th Cir.2010).

[62]Complaint at 6-7, Docket No. 1.

[63]*Jensen*, 603 F.3d at 1198 ("Indeed, states have a compelling interest in and a solemn duty to protect the lives and health of the children within their borders"); Gomes v. (*cont.*)

Plaintiff's argument that the hearing provided was either biased or arbitrary fails to persuade the Court.[64] Plaintiff is a convicted sex offender and the state reasonably suspected that the child, alone in Plaintiff's care, "was in imminent peril of abuse."[65] Under these facts, the Court can offer Plaintiff no relief from the state court's valid order regarding his daughter.

As to Defendants' alleged interference with Plaintiff's ability to communicate with his wife, Plaintiff offers little to show that his wife's lack of contact is due to State action, citing only one letter from Plaintiff's wife as evidence.[66] The letter contains an unsubstantiated allegation by Plaintiff's wife that DHS representatives have threatened to retain custody of Plaintiff's daughter if the wife continues contact with Plaintiff.[67]

Although this information is troubling to the Plaintiff, the allegation does not tie the alleged interference specifically to Judge Powers, the only named party from which Plaintiff can receive declaratory relief. In fact, the only act attributed to Judge Powers by the Plaintiff is the Judge's legal order removing custody of Plaintiff's daughter. Absent facts that allege Judge Powers has illegally prevented contact between Plaintiff and his family, Plaintiff fails to state a claim against Judge Powers upon which declaratory relief can be granted.

Looking to Plaintiff's prayer for injunctive relief, the Court recognizes that injunctive relief

---

(*cont.*) 451 F.3d 1122, 1130 (10th Cir.2006) (prompt, post-removal hearings comport with due process).

[64]Complaint at 7-8, Docket No. 1.

[65]*See Arredondo v. Locklear*, 462 F.3d 1292, 1298 (10th Cir.2006) (internal quotations omitted).

[66]*See* Complaint at 16-18, Docket No. 1.

[67]*Id.*

12

against a judicial officer will not be granted "unless a declaratory decree was violated or declaratory relief was unavailable."[68] Although declaratory relief is unavailable, it is due to Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff's prayer for injunctive relief similarly fails.

Despite a liberal reading of Plaintiff's Complaint, Plaintiff fails to state a claim upon which relief can be granted. Defendant Judge Rocky Powers' Motion to Dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims against Judge Powers are DISMISSED.

## CONCLUSION

The Court has carefully considered the substance of Plaintiff's Complaint in light of the broad pleading standards afforded *pro se* plaintiffs. The Court finds that all Defendants are immune from Plaintiff's claims of monetary damages. Further, the Court finds that Plaintiff is not entitled to declaratory or injunctive relief against either DHS or Judge Rocky Powers. Defendants' Motions to Dismiss are GRANTED.[69] Because DHS is not subject to suit, Plaintiff's Motion for Entry of Default Judgment is DENIED.[70] Plaintiff's Complaint is DISMISSED. A separate judgment is filed herewith.

IT IS SO ORDERED this 3rd day of January, 2012.

*[signature: James H. Payne]*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[68] *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir.2011) (*citing* 42 U.S.C. § 1983).

[69] Docket No.'s 16, 24, 26.

[70] Docket No. 28.

13